## WHITMER BROS FUNERAL HOME, Inc v THE BORDEN CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1568. Decided May 25, 1939

Clifford R. Curtner, Dayton, for plaintiff-appellant.

J. D. Chamberlain, Dayton, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court upon a motion of the Borden Company, defendant-appellee, for an order dismissing the appeal filed by the Whitmer Brothers Funeral Home, Inc., plaintiff-appellant.

In the Court below an action was brought by the plaintiff to recover damages from the defendant on account of a collision occurring between the ambulance of the plaintiff and the truck of the defendant resulting in damage to the plaintiff's ambulance. The cause was submitted to a jury which found for the plaintiff and assessed the plaintiff's damages in the sum of $1100.00. Defendant moved for a new trial and for judgment notwithstanding the verdict. Thereupon the Court filed what is designated by the appellee as "an opinion" under date of January 24, 1939, to the effect; the motion of defendant for new trial herein is sustained unless both plaintiff and defendant elect to accept a remittitur of the highest amount of damages shown by the evidence for the loss of use of plaintiff's ambulance in no event less than $200.00, or unless they agree to accept a remittitur for a larger amount. Motion of defendant for judgment notwithstanding the verdict is overruled.

Thereupon on the same day plaintiff filed a stipulation agreeing to accept a remittitur of $200.00 of the amount of the verdict of the jury. On the next day, January 25th, the defendant filed a stipulation refusing to accept the remittitur of $200. Thereupon the Court, by its entry of February 8th, sustained the motion for new trial and set aside the verdict of the jury and overruled motion of defendant for judgment nowithstanding the verdict. The entry recites,

"This cause came on to be heard on the motion of defendant for a new trial and for judgment notwithstanding the verdict, and was submitted to the court on briefs and oral argument, and the court on due consideration thereof, and being fully advised in the premises hereby finds that said motion for a new trial is well taken and hereby sustains same; the motion of defendant for judgment notwithstanding the verdict is not well taken and the court hereby overrules same; exceptions of both plaintiff and defendant are hereby noted."

A deleted bill of exceptions is filed. The only evidence of witnesses that is disclosed is that of a witness for plaintiff and defendant each testifying as to the damage to the ambulance. It is stipulated that the so called decision of the court in reference to the $200.00 remittitur, the acceptance by the plaintiff and the refusal to accept by the defendant, are to be incorporated in the bill of exceptions.

The real reason for the bill of exceptions is to present to this court the statement of the court below to the effect that unless both plaintiff and defendant elect to accept the remittitur of $200.00 the motion for new trial will be sustained and also to exhibit the stipulation of the respective parties, one to accept the remittitur and the other to reject it.

Appellant assigns errors to the effect (1) That the trial court erred in granting a remittitur from the amount of the verdict returned by the jury subject to the acceptance of defendant-appellee; (2) That the court erred, after the plaintiff had stipulated to accept the amount of the remittitur from the verdict, in granting a new trial.

This court in the case of **State v Wright, 59 Oh Ap 198,** did all that it could to sustain the amendment declaring that the sustaining of a motion for new trial is a final order. The Supreme Court in the recent case of **Hoffman v Knollman, 135 Oh St 170** held,

"An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not therefor a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order."

This court in the case of State v Wright, supra, had also under examination the question of what is an abuse of discretion to the effect:

"A discretion exercised to an end or purpose not justified and clearly against reason and evidence, not merely error of judgment but perversity of will, prejudice; failure of the trial court regularly to pursue its authority, which does not include commission of errors of law or mistake in finding of facts; not merely an error in judgment but perversity of will; a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence; a clearly erroneous conclusion and judgment against the logic and effect of facts presented; * * * While the trial court's ruling is subject to review on error, the same will not be disturbed unless the abuse of discretion affirmatively appears.

Abuse of discretion will not be presumed, but must appear from the record."

Apparently the claim of the appellant is that the court abused its discretion by holding that a new trial would be granted unless both plaintiff and defendant agreed to a remittitur of the amount of the verdict, it being urged that if plaintiff agreed to the remittitur the verdict should have been sustained even though the defendant refused to do so.

One difficulty is that there is no evidence presented by the bill of exceptions upon which the court may have based its decision to require both parties to agree to the remittitur in lieu of which he would grant a new trial and no evidence excluding other reasons why the court sustained the motion. We do not feel that, upon the naked statement in the entry granting a new trial that we have anything before us from which we could find that the court's action was an abuse of discretion.

This court has had difficulty in discovering the logic which led the Supreme Court to hold that an order of the court setting aside a general verdict is not a final determination of the rights of the parties because it violates **Section 6 of Article IV of the Constitution** granting jurisdiction to Courts of Appeal which can not be enlarged or curtailed by legislative action, and then making the exception that if it appears that the trial court has abused its discretion in granting such an order the judgment is reviewable. If the Constitution denies the right to review as a final order the granting of a motion for new trial, it is difficult to understand why the Court should except as not within the prohibition, the case, in which the court has abused its discretion. However, we are bound by the ruling of the Supreme Court and therefore must conclude if the appellant can show an abuse of discretion in granting the motion that in that event the Constitution shall be suspended.

In this view of the matter, we have before us the question whether the Court below abused its discretion by making the granting of a new trial dependent upon the acceptance by both parties of a remittitur.

As we have before intimated, there is nothing in the bill of exceptions upon which we may base our judgment as to abuse of discretion except the bare statement that the motion for new trial would be granted unless both parties accepted the remittitur. There may be many other things that led the court to this conclusion which are not revealed to us. As the case stands, the only matter remaining is the question of the appeal from the order of the court granting a new trial. There is nothing in the assignment of errors about the abuse of discretion, but we assume this is not of importance if it

is a matter relied upon and has been proved and appears from the bill of exceptions.

Motion to dismiss appeal must therefore be sustained on the ground that there is no final order from which an appeal may be taken and that there is no showing of abuse of discretion.

HORNBECK, PJ, and BARNES, J, concur.

By HORNBECK, PJ.

I concur in the judgment only because appellant has not made his question.

The journal entry, through which the court speaks does not limit the court in sustaining the motion for a new trial to the reason set out in his opinion as found in the bill of exceptions. Nor does the refusal of the defendant to accede to the condition imposed in the opinion on the motion constitute a stipulation which would read into the journal entry the refusal as the sole ground for the sustaining of the motion. If it did, I would hold that the court abused his discretion in making the order.

Such a consent as was required of the defendant is not a remittitur and is unknown to the law. That party only can remit in whose favor a money verdict has been returned.

Of course, defendant could not accept the condition imposed unless ready to abide by the verdict as reduced. To have done so would have worked an estoppel upon defendant to further question the verdict.

## APPLICATION FOR REHEARING

No 1568. Decided June 21, 1939

BY THE COURT:

This matter is before us upon application of the plaintiff for rehearing.

Plaintiff earnestly presents his claim that this Court was in error when it determined that the sustaining of the motion for new trial was not a final order reviewable by this Court, unless it clearly appeared that the trial court abused its discretion and that the court could not find such an abuse upon the evidence presented.

In the first paragraph of the plaintiff's brief, it is asserted that this Court has set forth new rules. Plaintiff misapprehends the opinion of the Court. The Court's holding was that an order of the trial court setting aside a verdict is not a final order reviewable by the Court of Appeals "unless it clearly appears that the trial court has abused its discretion". The opinion was to the effect that such an abuse of discretion must clearly appear and that, in the judgment of the Court, such abuse of discretion was not made to appear.

Plaintiff's counsel is correct, as stated on page 4 of his brief, that this Court was in error when it stated, on page 3 of the opinion, that "it is stipulated that the so called decision, etc., are to be incorporated in the bill of exceptions". The transcript of the docket and journal entries show that on February 27, 1939, an entry was made to the effect,

"For good cause shown. it is hereby ordered that the decision of the Court and motion for new trial and motion for judgment, etc., be and the same hereby are incorporated and made a part of the bill of exceptions in this action."

This Court inadvertently stated that "it is stipulated" that such matter be incorporated in the bill of exceptions. We do not understand that the inadvertent statement of the Court, that the Court's action was by virtue of a stipulation instead of being the action of the Court itself, makes any difference. The matters were, as a matter of fact, incorporated in the bill of exceptions.

Counsel relies on §11564 GC. The present section provides that when the decision is not entered on the record or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his objection to writing, etc.

Counsel asserts that in view of this

section only errors complained of in support of the abuse of discretion need be incorporated in the bill and brought before the reviewing court. Counsel is correct in this, but our holding was based upon the fact that the matters thus presented do not clearly show an abuse of discretion and to this opinion we still adhere.

Counsel cites the case of **Lee v Benedict, 23 C. C. (N.S.) 561.** The Court on page 565 considers the question of the effect of a remittitur and states:

"It is urged that this judgment even with the remittitur was erroneous unless the defendant consented to the remittitur."

"We know of no authority for such a proposition, nor do we know of any reason for such a proposition. The practice for so long a time that the memory of man runneth not to the contrary has been to enter a judgment upon the plaintiff remitting such an amount as the Court thinks should be remitted without reference to whether such judgment is satisfactory to the defendant or not. There is no error in this regard, provided the evidence was such as to justify the jury in finding the amount after deducting the remittitur."

The defendant's motion for new trial presents fifteen grounds upon which he claims to be entitled to a new trial, among them being that the verdict is not sustained by the weight of the evidence and that the Court erred in refusing to grant a motion for a directed verdict and for other errors complained of. There was before us no bill of exceptions, exhibiting the evidence, from which we were able to arrive at a conclusion that "the evidence was such as to justify the jury in finding the amount after deducting the remittitur."

So far as we are advised there may have been evidence that would have supported the defendant's motion for a new trial and that the Court was not willing to compel the defendant to accept the remittitur and thereby abandon its claim that it was entitled to a

new trial for the other grounds stated in its motion. Our conclusion was, and still is, that the evidence presented is not sufficient upon which to base a judgment that the Court abused its discretion and we could arrive at no such conclusion unless we had before us the entire record.

Counsel for plaintiff on page 4 cites a large number of cases all of which we have examined and most of which do not impressively bear upon the question. Among the most pertinent is that of **Webster v Pullman Co., 19 Abs 289,** from the Eighth District, wherein it is held that a ruling of the trial court granting a motion for new trial is a final order where such order constitutes an abuse of discretion and that motions for new trials, upon the ground that the verdict is against the weight of the evidence, are addressed to the discretion of the trial court and, if granted, the judgment will not be disturbed on error unless it is a strong case and there has been a gross abuse of discretion. It is further held that if a claimed abuse of discretion, in sustaining a motion for new trial, is found to exist upon perusal of the record, it is the duty of the reviewing court to find and hold that the complaining party has been denied a fair trial and has been deprived of a "substantial right in an action—and prevents a judgment". The Court quotes from **Beaumont v Herrick, 24 Oh St 445** to the effect,

"If the exercise of such discretion is reviewable on error in any case, it can only be where the record shows, in view of all the circumstances under which the court acted, an abuse of discretion resulting in a denial to the party of a fair trial."

There can be no complaint as to this statement of the law. It is virtually the holding of the Supreme Court in the case of **Hoffman v Knollman, 135 Oh St 170,** to the effect that an order setting aside a general verdict is not a final order reviewable by the Court of Appeals "unless it clearly appears that

the trial court has abused its discretion in granting such an order."

This Court is without hope of convincing counsel for plaintiff of the correctness of its view, but we have, after fairly digesting his brief and re-examining our former opinion, come to the conclusion that nothing can be gained by allowing the application for rehearing.

Application denied.

HORNBECK, PJ, GEIGER & BARNES, JJ. concur.